IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | No. 1:18cr138-HSO-RHW-3 |
| **OMAR DAVID SMALL** | § § § | |

### ORDER DENYING DEFENDANT OMAR DAVID SMALL'S MOTION [126] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Omar David Small's Motion [126] for Compassionate Release.  Because Defendant has not shown that he exhausted his administrative remedies, the Court finds that this Motion [126] should be denied without prejudice.

I. BACKGROUND

Pursuant to a written Plea Agreement [87] with the Government, on March 2, 2020, Defendant Omar David Small ("Defendant") pleaded guilty to Count 13 of the Indictment [3] in this case, which charged him with aiding and abetting in the making of a false statement or representation to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A).  Indictment [3] at 12; Second Am. Plea Agreement [87].  On June 19, 2020, the Court sentenced Defendant to serve a period of 13 months imprisonment followed by three years of supervised release, with a fine of $2,500.00 and a special assessment of $100.00.  J. [107] at 2-3, 6. Defendant is currently incarcerated at Reeves County Detention Complex ("CI

Reeves I & II") in Pecos, Texas.

Defendant filed the present Motion [126] for Compassionate Release on March 5, 2021, asserting that the conditions at CI Reeves I & II brought on by the COVID-19 pandemic, compounded by poor sanitation and Defendant's health conditions, qualify him for compassionate release. *See* Mot. [126] at 1.

The Government contends in its Response [129] that the Court should deny Defendant's Motion [126] because he has failed to exhaust administrative remedies. Resp. [129] at 7. If the Court were to reach the merits of Defendant's Motion [126], the Government argues that Defendant has not established that extraordinary and compelling reasons support a sentence reduction. *Id.* at 15. Defendant did not file a Reply; rather, he submitted through counsel a Notice [131] of Intent not to file "a reply or proof beyond that which has already been submitted." Notice [131] at 1.

## II.  DISCUSSION

Section 3582(b) of Title 18 of the United States Code provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the*

> *receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). To fully exhaust all administrative remedies under § 3582(c)(1)(A), an inmate who is not satisfied with a warden's response to his initial request

> may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). If necessary, the time to respond may be extended by 20 days by the Warden, by 30 days by the Regional Director, or by 20 days by the General Counsel. *Id.* The regulations further provide that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

The Fifth Circuit recently construed the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement, concluding that exhaustion under the statute is mandatory. *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Under the plain language of the statute, a court can only modify a term of imprisonment if a defendant files a

motion after he has fully exhausted his administrative remedies.  *Id.*; *see* 18 U.S.C. § 3582(c)(1)(A).  According to the Fifth Circuit, the statute specifies "in clear language," "what a defendant must do *before* [he] files a motion for compassionate release in federal court," which is to "submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'"  *Franco*, 973 F.3d at 468 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Thus, Defendant was required to file a request with BOP prior to filing a motion under 18 U.S.C. § 3582(c)(1)(A).

Defendant has not alleged, nor has he produced any evidence to show, that he exhausted his administrative remedies prior to filing the present Motion [126].  Defendant does not state in his Motion [126] whether he submitted an initial request to the Warden seeking compassionate release, and he has not provided any documentation demonstrating that such a request was made.  Because the record reflects that Defendant did not comply with the statute's mandatory exhaustion requirement before he filed his Motion [126] for Compassionate Release, his Motion is not well taken and should be denied without prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Omar David Small's Motion [126] for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of June, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE